IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LEIDA PAGAN TORRES, ET AL.,

Plaintiffs,

v.

Civil No. 02-1050 (DRD)

PUERTO RICO LAND AUTHORITY., ET AL.,

Defendants.

## REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiffs' action against co-defendant ACE Insurance Company (hereinafter "ACE Insurance") by opposing co-defendants, Luis Rivero Cubano, Federico Freytes, Hilda Bernard and Winda Torres, in their personal capacity,[1] is predicated on coverage provided for claims alleged in the complaint as to political discrimination in employment while plaintiff was employed with the Puerto Rico Land Authority.

Co-defendant ACE Insurance has filed a Motion for Summary Judgment and Memorandum of Law (**Docket No. 62**). Plaintiffs have not opposed said motion. Nonetheless, opposing co-defendants above mentioned submitted their Opposition to Summary Judgment (**Docket No. 66**).

On June 9, 2005, these motions were referred by the Court for report and recommendation (**Docket No. 92**).

---

[1] Oppsing co-defendants are represented by the Department of Justice of the Commonwealth of Puerto Rico and by retained law firm.

Pagan Torres, et al. v. PR Land Autority, et al.
Civil No. 02-1050 (DRD)
Report and Recommendation
Page 2

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir., 1997). After the moving party has satisfied this burden, the *onus* shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir., 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for

Pagan Torres, et al. v. PR Land Autority, et al.
Civil No. 02-1050 (DRD)
Report and Recommendation
Page 3

the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir., 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir., 1997).

Finally, when a motion for summary judgment remains unopposed, the district court may grant summary judgment, only if appropriate. A district court may not automatically grant a motion for summary judgment simply because the opposing party has failed to comply with a local rule requiring a response within a certain number of days. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002). *See* Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 43 (1st Cir. 2004) (*finding* that failure to comply with Local Rule 311.12 admits the veracity of the movant's version of material facts). *See also* Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000).

## LEGAL DISCUSSION

**A.    General Standard**.

A "claims made" policy as opposed to an "occurrence" policy extends coverage to any claims made within the policy period, even if the acts on which those claims were based occurred prior to the policy period. Home Ins. Co. v. St. Paul Fire & Marine Ins. Co., 229 F.3d 56, 59 (1st Cir. 2000).

Case 3:02-cv-01050-DRD   Document 93   Filed 07/01/05   Page 4 of 9

Pagan Torres, et al. v. PR Land Autority, et al.
Civil No. 02-1050 (DRD)
Report and Recommendation
Page 4

To the contrary, an "occurrence" policy provides coverage for occurrences within the policy period regardless of when the claim is made and is distinguished from a claims-made policy, which only covers the insured for claims which are actually made during the policy period. Mercado-Boneta v. Administración del Fondo de Compensación al Paciente Through Ins. Com'r of Puerto Rico, 125 F.3d 9, 11 (1st Cir. 1997).

**B.   Analysis.**

Co-defendant ACE Insurance submits in its motion for summary judgment the insurance coverage at issue is based on a "claims made" policy that was effective from June 16, 2000 to June 16, 2001. Under said policy, the insured had to give notice within the effective policy period and in no event more than thirty (30) days after expiration of the policy. Since the only notice ACE received was the lawsuit herein, which was filed in January 2002 and notified to ACE Insurance through letter dated June 17, 2002, ACE Insurance alleges there is no insurance liability under the policy and henceforth no insurance policy to cover plaintiffs' claim against co-defendants Luis Rivero Cubano, Federico Freytes, Hilda Bernard and Winda Torres. Thus, ACE Insurance avers summary disposition of plaintiffs' claim against it is proper.

Plaintiffs do not contest nor have opposed ACE Insurance's petition for summary judgment. Opposing co-defendants, on the other hand, submit their opposition alleging they would be presumably covered under the terms of the policy. Opposing co-defendants additionally claim ACE Insurance had an additional policy, DO-0342, in effect from June 16, 2001 through June 16, 2002. Plaintiffs served opposing co-defendants with the amended

complaint related to political discrimination on May 3 and 6, 2002, and in turn co-defendant Puerto Rico Land Authority notified ACE Insurance of the complaint on June 17, 2002.

Opposing co-defendants also submit arguments based on an Equal Employment Opportunity Commission complaint ("EEOC") filed by plaintiff related to employment discrimination notified to co-defendant Puerto Rico Land Authority on June 15, 2001. However, opposing co-defendants claim that, since this EEOC could not have granted the relief requested by plaintiffs for political discrimination claims upon which claims were not filed as a First Amendment or for civil rights violations, ACE Insurance cannot establish opposing co-defendants failed to cooperate and provide notice of the claim made against them which are requisite elements of prejudice and unreasonable notice that would justify coverage is void under the terms of their policy.

ACE Insurance submits the EEOC claim filed by plaintiff against co-defendants for their harassment and employment discrimination on the basis of political animus, had it been notified, would fall under the "claims made" policy DO-0342 that was effective from June 16, 2000 through June 16, 2001.

On the above uncontroverted set of facts and the legal conditions below, we conclude ACE Insurance "claims made" policy would not provide coverage.

The lack of any notice of the EEOC complaint need not be further analyzed as determinative of ACE Insurance's ability to establish prejudice or any breach of good-faith to

Pagan Torres, et al. v. PR Land Autority, et al.
Civil No. 02-1050 (DRD)
Report and Recommendation
Page 6

notify defendants that coverage would not be provided.[2] The arguments raised by opposing co-defendants do not hinder in any possible manner that notice as to plaintiffs' claims under the "claims made" policy was non-existent, under the EEOC claim or the court filed lawsuit, until co-defendant the Puerto Rico Land Authority sent ACE Insurance a letter of June 17, 2002. Notice to ACE is without factual controversy, more than a year after its June 16, 2000 to June 16, 2001 "claims made" policy had expired.

As such, the "claims made" policy in effect from June 16, 2000 to June 16, 2001, would not cover plaintiffs' claim nor liability thereunder as to opposing co-defendants and summary judgment as requested is appropriate.

There was a second "claims made" policy issued by ACE Insurance covering the time period from June 16, 2001 through June 16, 2002. However, ACE Insurance states coverage under said policy would also be barred in this case.

ACE Insurance submits when co-defendant Puerto Rico Land Authority applied for said policy, it had already received the EEOC complaint and was aware of plaintiffs' claims for employment discrimination but failed to disclose it. Thus, ACE Insurance does not consider that the lawsuit notified to them on June 17, 2001, was a claim "first made" during the June 16, 2001 to June 16, 2002 policy period but a progression of the EEOC that was notified to the Puerto Rico Land Authority by June 15, 2001, a claim that had it been timely notified would

---

[2] The Amended Second Request for Admissions, which has not been contested by co-defendants, submits the Puerto Land Authority never notified ACE that plaintiff Leida Pagán Torres had filed a charge of discrimination, as notified to the PR Land Authority on June 15, 2001. **Exhibits 2, 4**.

have triggered coverage under the previous "claims made" policy of June 16, 2000 to June 16, 2001, previously discussed.

A perusal of the wording of the EEOC complaint clearly placed opposing co-defendants on notice the claim and the relief then sought by plaintiff were in relation to allegations of employment and political discrimination. The translation of relevant portions of plaintiffs' sworn statement related to the EEOC complaint (**Exhibit A**)[3] shows the relief requested from defendants was to cease and desist from the discriminatory pattern and political persecution because of plaintiff's political ideals; to be liberated from the hostile environment and from political persecution and be compensated for the damages suffered. The prayer for relief seeks an order to be issued as to the Puerto Rico Land Authority, Atty. Federico Freytes [sic] Mont and other functionaries to cease and desist from the discriminatory pattern and political persecution because of any political ideals. **Exhibit 5**.

In Matos Molero v. Roche Products, Inc., 132 P.R. Dec. 470 (1993), the Puerto Rico Supreme Court held the filing of an administrative complaint before the EEOC alleging sex discrimination in violation of Title VII tolled the statute of limitations for an equivalent cause of action under Puerto Rico law. In Matos Molero, the causes of action were deemed identical because they asserted the same substantive claim, albeit via different procedural vehicles. *See* León-Nogueras v. Univ. of P.R., 964 F.Supp. 585, 589 (D.P.R.1997) (noting that Matos Molero

---

[3] The employer named in the EEOC complaint shows the Puerto Rico Land Authority and Atty. Luis Rivero Cubano and Atty. Federico Freytes [sic] Mont. Exhibit A.

Pagan Torres, et al. v. PR Land Autority, et al.
Civil No. 02-1050 (DRD)
Report and Recommendation
Page 8

---

is "perfectly consistent with the requirement that the substantive claims raised in the extrajudicial claim must be identical to the substantive claims raised in the subsequent judicial complaint"). The substantive claim, and not the procedural vehicle, is what matters to defendants in the initial stages of preparing for litigation and discovery. Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 99-100 (1st Cir. 2004) (alleging political discrimination in a state complaint already implicates defendants made their employment decision as an act of intentional discrimination based on plaintiff's political beliefs, for which the causes of action in the state and federal complaints were based on the same substantive claim and sought the same forms of relief).

On above grounds, ACE Insurance submits that the policy covering the period from June 16, 2001 through June 16, 2002, limited coverage to claims that were "first made" against the insured during the policy period. Since the lawsuit notified by co-defendants on June 17, 2002, was not the **first notice** received as to plaintiff's political discrimination claims, and it was a progression of the prior EEOC complaint which was not timely notified to ACE Insurance, the insurance policy does not provide for such liability.[4]

Since a claims made policy protects the insured only against claims made and brought to the insurer's attention during the effective period of the policy, it can be concluded, that there was no policy by co-defendant ACE Insurance which would cover plaintiffs' claim and summary disposition is appropriate.

---

[4] It is a condition precedent under the policy that the insured provides written notice to the insurer of any claim first made during the policy period as soon as practicable, but in no event later than thirty (30) days after the termination of the policy. **Exhibit 8, p. 9**.

Pagan Torres, et al. v. PR Land Autority, et al.
Civil No. 02-1050 (DRD)
Report and Recommendation
Page 9

## CONCLUSION

In light of the above, and there being no genuine issues of material facts in controversy, it is recommended that co-defendant ACE Insurance's request for summary judgment be GRANTED. Consequently, it is recommended all claims against said co-defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of July of 2005.

                         s/**CAMILLE L. VELEZ-RIVE**
                         **CAMILLE L. VELEZ-RIVE**
                         **UNITED STATES MAGISTRATE JUDGE**